| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Brian Schartz, P.C. (TX Bar No. 24099361)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:       (212) 446-4900<br>Email:             brian.schartz@kirkland.com | **WICK PHILLIPS GOULD & MARTIN, LLP**<br>Jason M. Rudd, TX Bar No. 24028786<br>Catherine A. Curtis, TX Bar No. 24095708<br>3131 McKinney Avenue, Suite 500<br>Dallas, Texas 75204<br>Telephone:     (214) 692-6200<br>Facsimile:       (214) 692-6255<br>Email:              jason.rudd@wickphillips.com<br>                        catherine.curtis@wickphillips.com |

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anna G. Rotman, P.C. (TX Bar No. 24046761)
Tabitha De Paulo (TX Bar No. 24113699)
609 Main Street
Houston, Texas 77002
Telephone:     (713) 836-3600
Facsimile:       (713) 836-3601
Email:             anna.rotman@kirkland.com
                       tabitha.depaulo@kirkland.com

*Counsel to Shaolin*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **FINANCIAL STRATEGIES ACQUISITION** | § | Case No. 23-42345 |
| **CORP.** | § | |
| Last 4 Digits of Tax ID No. (2560) | § | |
| 7503 Maribeth Drive, Dallas, Texas 75252 | § | |
| | § | Chapter 11 |
| DEBTOR | § | |

## SHAOLIN'S JOINDER IN SUPPORT OF
## CONTINENTAL'S OBJECTION TO MOTION TO COMPEL
**[Relates to Docket Nos. 12, 42]**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Shaolin Capital Management, LLC, and each of its respective affiliates, affiliated investment funds, and portfolio companies thereof and funds or partnerships managed or advised by them or their respective affiliates (collectively, "Shaolin"), hereby submits this joinder

(the "<u>Joinder</u>") to *Continental's Objection to Motion to Compel* [Docket No. 42] (the "<u>Continental Objection</u>").[1] In support of this Joinder, Shaolin respectfully states as follows:

1. Shaolin joins in, and hereby incorporates by reference, the arguments made by Continental Stock Transfer & Trust Company ("<u>Continental</u>") in the Continental Objection to the *Motion to Compel* [Docket No. 12] (the "<u>Motion to Compel</u>").

2. Shaolin is a Public Shareholder that purchased certain units in connection with the Debtor's IPO. Such units split into certain shares, rights, and warrants, and such shares provide Shaolin with an interest in the Trust Account.[2] Since the IPO, Shaolin has been and remains a Public Shareholder with an interest in and right to the funds and interest on such funds in the Trust Account.

3. As noted in the Continental Objection, the Motion to Compel expands the concept of property of the estate, is procedurally improper, and should be denied.[3] The Trust Account is not property of the estate. By the Debtor's own admission, the Trust Account is held by Continental "for the benefit of the public shareholders." *Disclosure Statement of Financial Strategies Acquisitions Corp Pursuant to Section 1125 of the Bankruptcy Code Dated January 31, 2024*, *In re Fin. Strategies Acquisition Corp.*, Case No. 23-42345 (BTR) (Bankr. E.D. Tex. Feb. 2, 2024) [Docket No. 29]. Therefore, the Trust Account cannot be, and is not, property of the estate.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Continental Objection.

[2] "<u>Trust Account</u>" means the trust account, inclusive of the funds, including any additional contributions made after the IPO, and interest on such funds held therein, established pursuant to the IMTA and Amendment to IMTA.

[3] Further, the Debtor has presented no evidence in support of its motion and cannot satisfy its burden of proving that the Trust Account is property of the estate by clear and convincing evidence. *See, e.g., Cash Am. Pawn, L.P. v. Murph*, 209 B.R. 419, 421 (E.D. Tex. 1997); *In re Dolphin Titan Int'l, Inc.*, 93 B.R. 503, 512 (Bankr. S.D. Tex. 1988).

4. Further, any interest that the Debtor may have had in the Trust Account terminated on the Termination Date. Based on available information to date, the Termination Date occurred on July 14, 2023, as that is the last time that the Debtor properly extended the Termination Date (*e.g.*, providing notice of the extension, making the required extension payments under section 9.1(c) of the Certificate of Incorporation, and issuing a press release announcing an extension under section 2(d) of the IMTA).[4] In the alternative, as described in the Continental Objection, the Termination Date could have occurred no later than November 14, 2023 because the Debtor did not provide the requisite five-days' notice to the Co-Sponsors or any written notice to Continental to request an extension of the Termination Date.[5]

5. As a result, Continental cannot be compelled to turn over any funds, including those contributed following the IPO, or interest in the Trust Account to the Debtor. Rather, the Trust Account should be liquidated and distributed to the Public Shareholders, as required by the IMTA and Certificate of Incorporation. For these reasons, and those detailed in the Continental Objection, Shaolin objects to the Motion to Compel.

6. Further, the Debtor never produced a proxy statement or held a vote or redemption in connection with the proposed Business Combination with Austin Biosciences Corp. ("Austin"). Therefore, the proposed Business Combination with Austin did not "fail"

---

[4] On June 13, 2023, the Debtor issued a press release announcing that its Board approved an extension of the period of time available to consummate its initial Business Combination by one month—from June 14, 2023 to July 14, 2023—and deposited $50,000 in the Trust Account. *See* Alexander V. Schinzing, *Financial Strategies Acquisition Corp. Announces Extension of Termination Date and Additional Contribution to Trust Account*, Press Release (June 13, 2023). The Debtor did not file any additional extension notices or press releases nor did it deposit any additional funds into the Trust Account after June 13, 2023.

[5] For the avoidance of doubt, the Debtor has presented no evidence that is has complied with the terms of the IMTA, Amendment to IMTA, Certificate of Incorporation, Amended Certificate of Incorporation to have extended the Termination Date beyond July 14, 2023, to November 14, 2023.

3

because of an insufficient shareholder vote that never never occurred—it "failed" because the Termination Date occurred *before* any vote was held.

7. Also, as noted in section III of the Continental Objection,[6] the Debtor's chapter 11 case and the proposed Business Combination with Austin appear to be fraught with insider and related party transactions and relationships—none of which appear to have been disclosed by the Debtor, including in its recently filed disclosure statement.[7] While the examples of such insider and related party transactions and relationships appear to be extensive, the potentially most concerning relationship is that the Debtor's chief executive officer, secretary, and director, Mr. Alexander Schinzing,[8] is on both sides of the proposed Business Combination with Austin. Mr. Schinzing is listed as the signatory on the Registration Rights Agreement[9] on behalf of both

---

[6] While section III of the Continental Objection focuses primarily on insider or related party creditors that waived their rights to recover from and claims against the Trust Account, several other parties, including the underwriter, other lenders, officers and directors, Austin, vendors and other professionals, and Continental agreed to waive their rights to recover from the Trust Account. *See, e.g.*, Registration Statement at 39, 46, 94; IMTA § 5; Gaylor Note § 11; Assentato Note § 11; Temmelig Notes § 12; Business Combination Agreement § 9.1; *Underwriting Agreement*, dated December 9, 2021, by and between the Debtor and I-Bankers Securities, Inc., § 7.2, https://www.sec.gov/Archives/edgar/data/1817565/000110465921150025/tm2135503d1_ex1-1.htm. It is also worth noting that not only did the Co-Sponsors agree to waive all claims against the Trust Account, the Co-Sponsors agreed to indemnify the Debtor in the event a third-party vendor or prospective business target reduces the amount of funds in the Trust Account. *See, e.g.*, *Letter Agreement*, by and between the Debtor, I-Bankers Securities, Inc., the Co-Sponsors, and the Initial Stockholders (as defined in the Registration Statement), § 3, https://www.sec.gov/Archives/edgar/data/1817565/000110465921143529/tm2130212d3_ex10-1.htm; Registration Statement at 25.

[7] Section 9.5 of the Certificate of Incorporation also expressly provides that any Business Combination effectuated with an affiliate of the Debtor, the Debtor's sponsors, or the Debtor's officers or directors would require "an opinion from an independent investment banking firm or another independent entity that commonly renders valuation opinions that such Business Combination is fair to the Corporation from a financial point of view." Certificate of Incorporation § 9.5. To date, the Debtor has not produced any opinion regarding the Austin Transaction in compliance with section 9.5 of the Certificate of Incorporation.

[8] *See* [Docket No. 1] at 4, 26, 28, 32.

[9] *Registration Rights Agreement*, dated February 13, 2023, by and between the Debtor and certain investors including Celtic and James D. Story, filed in connection with the documentation regarding the contemplated business combination with Austin, https://www.sec.gov/Archives/edgar/data/1817565/000110465923023001/tm237173d1_ex99-3.htmm (the "Registration Rights Agreement").

4

Celtic Asset & Equity Partners ("Celtic")[10] (as managing director)[11] and Austin Biosciences Sponsor I LLC (as manager). *See* Registration Rights Agreement at 14. Mr. Schinzing is also listed as the chairman and director of Austin on Austin's website. *Management*, Austin Biosciences Corp., https://austinbio.tech/management/ (last accessed Feb. 6, 2024) (noting that Mr. Schinzing also "serves as CEO of Financial Strategies Acquisition Corp."). Further, Mr. Schinzing signed (as authorized officer, corporate secretary) the *Certificate of Amendment of Certificate of Incorporation*, dated February 8, 2023, and filed with the state of Delaware, for Austin, effectuating a name change from Austin Biosciences Acquisition Inc. to Austin Biosciences Corp. Ultimately, these facts violate a fundamental tenet of bankruptcy law: "[c]hapter 11 is not a game to be used for sport against creditors for the benefit of insiders." *In re State Street Assocs., L.P.*, 348 B.R. 627, 638 (Bankr. N.D.N.Y. 2006) (quoting *In re Sal Caruso Cheese, Inc.*, 107 B.R. 808, 817–18 (Bankr. N.D.N.Y. 1989)).

8. Shaolin reserves all rights to supplement and/or amend this Joinder and to raise any additional arguments or objections before or at any hearing to consider the relief requested in the Motion to Compel or the Continental Objection.

## Compliance with LBR 9014-1(b)(2) and Fed. R. Civ. P. 8(b)

9. Shaolin admits the Debtor's allegations in Motion to Compel paragraph 1.

10. Shaolin denies the funds referenced in the Debtor's allegation in Motion to Compel paragraph 2 are the Debtor's property or can be used in the Debtor's pursuit of an acquisition.

---

[10] Celtic is an "Initial Stockholder" (as defined in the Registration Statement) of the Debtor, a creditor of the Debtor, and an affiliate of the Debtor's Co-Sponsor (as defined in the Certificate of Incorporation), Celtic Sponsor VII LLC.

[11] Celtic's website states that Alexander Schinzing is the "Founder & Managing Director" of Celtic. *About Celtic*, Celtic Asset & Equity Partners, https://celticequitypartners.com/about-celtic-asset-equity-partners/ (last accessed on Feb. 6, 2024).

11. Shaolin lacks detailed knowledge sufficient to admit or deny the allegations in Motion to Compel paragraph 3.

12. Shaolin lacks detailed knowledge sufficient to admit or deny the allegations in Motion to Compel paragraph 4.

13. Shaolin lacks detailed knowledge sufficient to admit or deny the allegations in Motion to Compel paragraph 5.

14. Shaolin lacks detailed knowledge sufficient to admit or deny the allegations in Motion to Compel paragraph 6.

15. Shaolin denies the Debtor's allegations in Motion to Compel paragraph 7.

16. Shaolin lacks detailed knowledge sufficient to admit or deny the allegations in Motion to Compel paragraph 8 and denies that the Court should order transfer of the funds to the Debtor.

17. Shaolin denies the Debtor is entitled to any of the relief requested in the Motion to Compel's prayer for relief.

## Conclusion

WHEREFORE, Shaolin requests that the Court sustain the Continental Objection, as supported by this Joinder, deny the relief requested in the Motion to Compel, and grant such other and further relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank*]

Sherman, Texas
Date: February 9, 2024

Respectfully submitted,

*/S/ JASON M. RUDD*

Jason M. Rudd, TX Bar No. 24028786
Catherine A. Curtis, TX Bar No. 24095708
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone:  (214) 692-6200
Facsimile:  (214) 692-6255
Email:  jason.rudd@wickphillips.com
  catherine.curtis@wickphillips.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Brian Schartz, P.C. (TX Bar No. 24099361)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  brian.schartz@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anna G. Rotman, P.C. (TX Bar No. 24046761)
Tabitha De Paulo (TX Bar No. 24113699)
609 Main Street
Houston, Texas 77002
Telephone:  (713) 836-3600
Facsimile:  (713) 836-3601
Email:  anna.rotman@kirkland.com
  tabitha.depaulo@kirkland.com

*Counsel to Shaolin*

# **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies on February 9, 2024, he caused a copy of the foregoing document to be served pursuant to LBR 9013-1(e) and (f) by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas on all parties registered to receive notice through the Court's ECF service and by pdf email to the email addresses listed below:

| | | |
|---|---|---|
| Financial Strategies Acquisition Corp.<br>c/o Eric A. Liepins, P.C.<br>12770 Coit Road, Suite 850<br>Dallas, TX 75251-1364<br>eric@ealpc.com | K3E SPAC Arbitrage Fund, L.P.<br>c/o Cavazos Hendricks Poroit PC<br>Attn: Christopher J. Volkmer<br>900 Jackson St., Ste. 570<br>Dallas, TX 75202-2413<br>cvolkmer@chfirm.com | Continental Stock Transfer & Trust<br>c/o Eric T. Haitz and Christopher J. Osborne<br>Bonds Ellis Eppich Schafer Jones<br>420 Throckmorton St., Ste 1000<br>Fort Worth, TX 76102-3727<br>c.joshosborne@bondsellis.com |
| Spring Creek Capital LLC<br>c/o Steptoe LLP Attn: John Byron<br>227 West Monroe, Ste 4700<br>Chicago, IL 60603<br>jbyron@steptoe.com | Periscope Capital Inc.<br>c/o Steptoe LLP Attn: John Byron<br>227 West Monroe, Ste 4700<br>Chicago, IL 60603<br>jbyron@steptoe.com | Periscope Capital Inc.<br>c/o Steptoe LLP Attn: Jeffrey Potts<br>717 Texas Avenue, Ste 2800<br>Houston, TX 77002-2809<br>jpotts@steptoe.com |
| Spring Creek Capital LLC<br>c/o Steptoe LLP Attn: Jeffrey Potts<br>717 Texas Avenue, Ste 2800<br>Houston, TX 77002-2809<br>jpotts@steptoe.com | Agellan Commercial Reit US LP<br>c/o Jennifer Gehrt<br>PO Box 224409<br>Dallas, TX 75222-4409<br>jgehrt@bglaw.net | John M. Vardeman<br>UST Office<br>110 N, College St., Suite 300<br>Tyler, TX 75702-7231<br>john.m.vardeman@usdoj.gov |

 

                                                  */s/ Jason M. Rudd*
                                                  Jason M. Rudd