IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FINANCIAL STRATEGIES ACQUISITION | § | Case No. 23-42345 |
| CORP. | § | |
| Last 4 Digits of Tax ID No. (2560) | § | |
| 7503 Maribeth Drive, Dallas, Texas 75252 | § | |
| | § | |
| DEBTOR | § | |
| | § | Chapter 11 |

### REQUEST AND APPLICATION FOR EXPEDITED HEARING ON CONTINENTAL'S MOTION TO PRECLUDE TESTIMONY OF ALBERT SCHINZING AND HORST RZEPKA

Continental Stock Transfer & Trust Company ("Continental"), file this Request and Application for Expedited Hearing ("Application for Expedited Hearing") on Continental's Motion to Preclude Testimony of Albert Schinzing and Horst Rzepka (the "Motion to Preclude Testimony").

1.  By this Application for Expedited Hearing, Continental requests the Motion to Preclude Testimony be heard on an accelerated basis. The hearing on the Debtor's Motion to Release Trust Funds [Docket No. 12] is currently set for May 7, 2024. Continental is seeking to preclude the Debtor from offering the testimony of Albert Schinzing or Horst Rzepka at such hearing on the Motion to Release Trust Funds or similar matter before this Court. As such, Continental requests

this Court to schedule a hearing on the Motion to Preclude Testimony at the earliest time convenient for the Court and shorten the time for parties to file a response or objection to the Motion to Preclude Testimony to the day before such hearing.

2. As detailed herein, the need for an expedited hearing was not caused by lack of due diligence, act, or failure to act by Continental or their counsel. On March 13, 2024, Continental served an Amended Notice of Deposition Pursuant to Bankruptcy Rule 30(b)(6) (the "Notice"). Attached to the Notice as Exhibit A was a list of deposition topics. Debtor presented Timmo Vainionpaa ("Vainionpaa") in person, on behalf of the Debtor as its Rule 30(b)(6) representative on March 18, 2024 at the offices of Continental's counsel in Fort Worth, Texas.

3. Although Vainionpaa was designated as the Debtor's representative on the topics attached to the Notice, he was unaware that he needed to educate himself as the corporate representative to be able to fully testify, had never seen the list of topics, and did not have personal knowledge to testify on many of the topics.

4. Not only was Vainionpaa unable to fully testify on these topics, he testified that certain individual officers of the Debtor had knowledge of the topics and were in a better position to offer testimony. Those officers were the Debtor's CEO Alexander Schinzing and CFO Horst Rzepka. Because Vainionpaa's lack of preparedness, Continental served Notices of Deposition Pursuant to Bankruptcy Rules 30(a)(1) and 30(b)(6) of both Rzepka and Schinzing on the Debtor.

5. To date, however, the Debtor has refused to make those officers available for in-person depositions because Schinzing and Rzepka reside, respectively, in Germany and Switzerland. Instead, the Debtor offered to make them available for video depositions in their countries of residence.

6. Video depositions in Germany and Switzerland, however, are not permitted by the Hague Convention. The Hague Convention does not allow depositions, even if agreed to by the parties, to occur in those countries unless the very detailed procedures of the Hague Convention are followed, which can easily take several months.

7. Continental has used reasonable efforts to resolve this discovery issue with the Debtor, but no resolution was reached. As a result, Continental has been deprived of its right to depose the Debtor on the topics listed in the Notice, and does not have the ability to compel the individual depositions of Rzepka and Schinzing prior to the upcoming hearing on May 7, 2024. Thus, Continental requests that the Motion to Preclude Testimony be held in conjunction with, or prior to, the Motion to Release Trust Funds hearing, currently set for May 7, 2024.

WHEREFORE, PREMISES CONSIDERED, Continental respectfully requests this Court grant its request to expedite the hearing on the Motion to Preclude Testimony, and seeks any and all further relief to which it may be justly entitled.

Dated: April 29, 2024                                  Respectfully submitted,

*/s/ C. Josh Osborne*
C. Josh Osborne
Texas Bar I.D. No. 24065856
Eric T. Haitz
Texas Bar I.D. No. 24101851
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: c.joshosborne@bondsellis.com
Email: eric.haitz@bondsellis.com

and

Mark Harmon
New York Bar No. 1041482
(admitted *pro hac vice*)
**CHIESA SHAHINIAN & GIANTOMASI PC**
11 Times Square, 34th Floor
New York, NY 10036
Telephone: (212) 324-7259
Email: mharmon@csglaw.com

Sam Della Fera, Jr.
New Jersey Bar No. 072301992
(admitted *pro hac vice*)
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 325-1500
Email: sdellafera@csglaw.com

**COUNSEL FOR CONTINENTAL STOCK TRANSFER & TRUST COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas on all parties registered to receive notice through the Court's ECF service, and via email to Chase Bank c/o Greg Sutton at gregory.e.sutton@jpmchase.com.

*/s/ C. Josh Osborne*
C. Josh Osborne
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
Email: c.joshosborne@bondsellis.com