**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| FINANCIAL STRATEGIES ACQUISITION | § | Case No. 23-42345 |
| CORP. | § | |
| Last 4 Digits of Tax ID No. (2560) | § | |
| 7503 Maribeth Drive, Dallas, Texas 75252 | § | |
| | § | |
| | § | |
| DEBTOR | § | Chapter 11 |

**ORDER: I) DENYING DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 7; AND II) DISMISSING CASE WITH PREJUDICE TO RE-FILING FOR THIRTY DAYS**

Upon due consideration of the Motion to Convert Case to Chapter 7 [Docket No. 99] (the "Motion to Convert"), filed by the above-captioned debtor and debtor-in-possession (the "Debtor"); Continental Stock Transfer & Trust Company's ("Continental") Objection to Motion to Convert [ECF No. 108]; the objections and joinders filed by certain public shareholders opposing the Motion to Convert [ECF Nos. 110 and 111] (individually and collectively, with Continental's Objection to Motion to Convert, the "Objection"); and the Court having conducted a duly-noticed hearing on May 7, 2024 with respect to the Motion to Convert and with respect to a Motion to Compel [ECF No. 12] (the "Hearing"); and reasonable, adequate, and sufficient notice of the Motion to Convert and the Hearing having been given to all parties in interest in this case under the circumstances; and all such parties having been afforded due process and an opportunity to be heard with respect to the Motion to Convert and all relief requested therein; and having reviewed and considered (a) the Motion to Convert, (b) the Objection, (c) the arguments made by counsel at the Hearing, and (d) the evidence proffered or adduced at the Hearing; and after due deliberation thereon, the Court makes the following findings:

A.  The Debtor filed this bankruptcy case (the "Case") on December 6, 2023 (the

1

"Petition Date"). The Debtor had filed a prior case on November 13, 2023 in the United States Bankruptcy Court for the Northern District of Texas, styled *In re Financial Strategies Acquisition Corp.*, No. 23-32655 (the "Prior Case"). That bankruptcy case was dismissed on the basis that the Debtor failed to file all the information required by the Bankruptcy Code and Rules.

B. The Debtor filed its bankruptcy schedules (the "Schedules") on the Petition Date in this case, in which the Debtor identified a putative interest in $6,759,963.93 (the "Funds"), held in a JPMorgan Chase Bank checking account (the "Trust Account"). The Schedules provide that, other than the Trust Account, the Debtor has a checking account at Plains Capital Bank with a balance of $410.00 as of the Petition Date.

C. At the time of the filing, the Debtor was a publicly held company formed for the purpose of acquiring and merging with an existing company.

D. On January 12, 2024, the Debtor filed its Motion to Compel, seeking to compel JP Morgan Chase Bank to release the Funds from the Trust Account and deliver them to the Debtor-in-Possession account. The Motion to Compel was a two-page document that was conclusory in nature and was never amended.

E. The Debtor has not been diligent in pursuing its bankruptcy case. At the Hearing, this Court found that the Debtor had failed to provide notice of any extension to pursue a business combination beyond November 14, 2023, and further found that the Debtor's rights in and to the Funds were limited to any interest income that may be available, subject to the limitations specified in that certain Investment Management Trust Agreement, (as amended, the "Trust Agreement").

F. For the reasons stated on the record and in light of: (a) the procedural posture of this Case, including the Court's denial of the Motion to Compel at the conclusion of the Hearing, (b) the dismissal of the Prior Case (which was filed *pro se*), and (c) the evidence provided to the

Court, the Court finds good cause exists to convert or dismiss this Case pursuant to 11 U.S.C. § 1112.

G. In its Motion to Convert, the Debtor requests conversion from Chapter 11 to Chapter 7. Section 1112(a) of the Bankruptcy Code provides that a Chapter 11 debtor "may" convert the case to Chapter 7 except under certain circumstances. A debtor's right to convert is not absolute. *See Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007) (holding that § 707(a) of the Bankruptcy Code did not give a debtor an absolute right to convert to Chapter 13 where the debtor's bad faith would be cause for dismissal of a Chapter 13 case under § 1307(c)). *See also, e.g., Results Systems Corp. v. MQVP, Inc.*, 395 B.R. 1, 6 (E.D. Mich. 2008) (bad faith may be a factor in ruling on a § 1112(a) motion to convert); *In re Modern Metal Prods.*, 422 B.R. 118, 124 (Bankr N.D. Ill. 2009) (citing *Marrama* in the context of a motion to convert from Chapter 11 to Chapter 7).

H. Here, similar to *Marrama*, a Chapter 7 case would be subject to dismissal under § 707(a) due to the Debtor's unreasonable delay of these proceedings and the lack of any significant assets for a Chapter 7 trustee to administer.

I. The Court further finds that dismissal rather than conversion of this case to a case under Chapter 7 of the Bankruptcy Code is in the best interest of creditors and the estate. The only assets for a Chapter 7 trustee to administer are the $410 in the Plains Capital checking account, and such funds are insufficient for a trustee to investigate or pursue any potential causes of action. Whatever limited rights the Debtor may have in any remaining interest in the Funds pursuant to the Trust Agreement are not prejudiced by the dismissal. Further, the only creditors and parties in interest who participated in the Hearing oppose conversion.

**BASED ON THE FOREGOING, IT IS HEREBY**

3

**ORDERED** that the Debtor's Motion to Convert is **DENIED**; it is further

**ORDERED** that the Case is **DISMISSED** with prejudice and the Debtor shall be prohibited and barred from re-filing a petition for relief under Title 11 of the United States Code for 30 days from the date on which this Order becomes final and non-appealable unless a written objection is filed with the Court and served on Continental and the Debtor within fourteen (14) days of the date of service of this Order; it is further

**ORDERED** that if a written objection is filed, a hearing will thereafter be held *only* on whether dismissal shall be with or without prejudice; it is further

**ORDERED** that Continental will file a Certificate of Service with the Court reflecting service of this Order.

Signed on 05/17/2024

*Brenda T. Rhoades*    SD
_____
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE